FORD MOTOR CREDIT COMPANY,
Appellant,

v.

Alberto URESTI et al., Appellees.

No. 5966.

Court of Civil Appeals of Texas, Waco.

May 3, 1979.

Rehearing Denied May 24, 1979.

Doyle L. Coatney, Kelfer & Coatney, San Antonio, for appellant.

John L. Sanders, LeLaurin, Adams, Eichelbaum & Sanders, P. C., Walter C. Wolff, Jr., Wolff & Wolff, San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

Plaintiff (appellant) Ford Motor Credit Company sued (appellees) defendants Uresti and Hernandez alleging Uresti purchased a used Ford 4000 diesel tractor from Farmers Tractor and Equipment Company, executing a retail installment contract dated July 3, 1975 for same; that Farmers Tractor and Equipment Company transferred such installment contract to plaintiff; that Uresti was in arrears $2,978.80 on such contract; and that Uresti had transferred the tractor to Hernandez. Ford sought judgment for $2,978.80, $446. attorneys' fees, and foreclosure of its lien against Uresti; and judgment for possession of the tractor against Hernandez.

Uresti answered that the retail installment contract violated Title 15, Section 1601 of the United States Code (the Truth in Lending Act) and Article 5069 Texas Civil Statutes (the Consumer Credit Code), prayed plaintiff take nothing, and that he be awarded penalties and attorneys' fees provided by such laws.

Hernandez answered he had paid Uresti $5,000. for the tractor without actual notice of Ford's security interest, and that the retail installment contract was invalid under the Federal Truth in Lending Act and the Texas Consumer Credit Code. Hernandez prayed Ford take nothing as to him; and cross claimed against Uresti for $5,000. plus attorneys' fees in the event Ford should recover possession of the tractor from him.

Trial was to the court which rendered judgment: 1) For plaintiff Ford against defendant Uresti for $2,978.80 (due on the installment contract) plus $446. attorneys' fees; less an offset of $1,000. for violation by Ford of the Federal Truth in Lending Act plus $850. attorneys' fees; leaving net judgment for Ford against Uresti for $1,574.80; 2) For defendant Hernandez for the tractor free and clear of lien.

Plaintiff Ford appeals on 3 points contending among other matters:

The trial court erred in rendering judgment the tractor was property of Hernandez, free and clear of any lien, as Hernandez had constructive notice of the lien.

Farmers Tractor and Equipment Company sold Uresti a used Ford tractor July 3, 1975. Uresti executed a retail installment contract to Farmers which assigned same to Ford July 9, 1975. Ford filed the financing statement which retained a lien on the tractor with the County Clerk. In July 1976 Uresti sold the tractor to Hernandez, representing the tractor was free and clear of lien. Hernandez had no actual knowledge of the lien; but did not check the records of the County Clerk. Uresti defaulted in his payments in early 1977 and Ford declared the entire amount payable, and filed this suit April 14, 1977, seeking judgment for $2,978.80 due (plus attorneys' fees), and foreclosure of lien from Uresti, and judgment for possession of the tractor from Hernandez.

■ The description of the security interest retained by the seller is sufficient. Plaintiff properly filed the retail installment contract with the County Clerk and such was sufficient to place Hernandez upon constructive notice of plaintiff's security interest in the tractor. Plaintiff's contention is sustained, and requires a reversal of the take-nothing judgment as to defendant Hernandez.

Defendant Hernandez asserts cross points: 1) complaining of the failure of the trial court to grant defendant's relief for plead violations by plaintiff of the Texas Consumer Credit Code; and 2) seeking indemnity against Uresti for any judgment awarded against him.

■ Sustaining of plaintiff's contention (supra) requires a reversal of the take-nothing judgment as to defendant Hernandez.

We, however, remand to the trial court in the interest of justice under the rule laid down in *Morrow v. Shotwell*, Tex., 477 S.W.2d 538; *Scott v. Liebman*, Tex., 404 S.W.2d 288; and *Littlejohn v. Kariel*, Tex. Civ.App. (Waco) NWH, 568 S.W.2d 452.

█ Generally a reversal of judgment as to a party appealing therefrom will not justify reversal against other non-appealing parties, but such rule does not apply in cases where the rights of appealing and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment when a part thereof is reversed. *Lockhart v. A. W. Snyder & Co.*, Tex., 163 S.W.2d 385; *Bates v. First National Bank of Waco*, Tex.Civ.App. (Waco) NWH, 502 S.W.2d 181.

We accordingly reverse and remand the entire case including all parties defendant to the trial court for trial on the merits.

REVERSED AND REMANDED.