611 F.2d 1267
 1980-1 Trade Cases 63,141
 Marilyn MOITIE, Individually, and on behalf of others
similarly situated, Appellants,
v.
FEDERATED DEPARTMENT STORES, INC., d/b/a I. Magnin & Co. and
Bullock's Northern California; Saks & Company
d/b/a Saks Fifth Avenue; and Does I
through XX, Appellees.
Floyd R. BROWN, Individually, and on behalf of others
similarly situated, Appellants,
v.
FEDERATED DEPARTMENT STORES, INC., d/b/a I. Magnin & Co. and
Bullock's; Saks & Company d/b/a Saks Fifth Avenue;
and Does I through XX, Appellees.
 No. 77-3101.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 15, 1980.
 
 Jerrold N. Offstein, San Francisco, Cal., for appellants.
 Jerome I. Chapman, Washington, D.C., Eugene Gordon, New York City, argued, for appellees; Abe Krash, Washington, D.C., Paul Fitting, McKenna & Fitting, James Fousekis, San Francisco, Cal., on brief.
 Appeal from the United States District Court for the Northern District of California.
 Before WRIGHT and TANG, Circuit Judges, and JAMESON, Senior District Judge.*
 EUGENE A. WRIGHT, Circuit Judge:
 This appeal presents a complex and novel issue related to the doctrine of Res judicata : when several cases are consolidated for trial with some but not all of the plaintiffs appealing successfully, is the first decision Res judicata as to those plaintiffs who did not appeal? Under the facts of this case, we hold that the interests of justice require that the entire decision be rendered inoperative, and we therefore reverse and remand.
 
 FACTS
 
 1
 In April 1976 the government brought antitrust actions against defendant department stores alleging price fixing on women's clothing in northern California. Shortly thereafter several private parties filed antitrust actions against the same defendants, incorporating the government's allegations in their complaints.
 
 
 2
 Appellant Moitie filed a complaint in state court in May 1976 (Moitie I). Defendants removed the action to federal court, where it was consolidated with several related actions, including that of appellant Brown.
 
 
 3
 In January 1977 the district court decided the consolidated case for the defendants. The decision is reported at 426 F.Supp. 880. The district judge held that the plaintiffs, as private parties, lacked standing to sue under § 4 of the Clayton Act, 15 U.S.C. § 15. He dismissed the complaints for failure to allege specific standing to sue.
 
 
 4
 Only five of the seven losing plaintiffs appealed. Appellants Moitie and Brown did not.
 
 
 5
 While the five appeals were pending before this court, the Supreme Court decided Reiter v. Sonotone Corp., 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). The Court held that a private party May have standing to sue for antitrust violations under § 4 of the Clayton Act. Pursuant to Reiter, we reversed and remanded the five cases pending before us, for a determination in the trial court consistent with Reiter.[1]
 
 
 6
 As noted, appellants Moitie and Brown did not appeal the 1977 decision. Rather, they filed new actions in state court, alleging state causes of action for defendant's price-fixing. Defendants moved for removal to federal court, asserting that the state law claims were really disguised federal antitrust claims. The district court agreed with defendants and removed the actions. It then dismissed them on the basis of Res judicata, these parties and their claims having already been decided in Moitie I. Judgment of dismissal was entered on July 7, 1977.
 
 ISSUES PRESENTED[2]
 
 7
 Appellants first contend that removal was improper because they stated a valid state claim. We disagree. The court below correctly held that the claims presented were federal in nature, arising solely from price fixing on defendants' part. In light of our disposition of this appeal, appellants will not quarrel with the result.
 
 
 8
 The controlling issue is the continuing validity of Moitie I for Res judicata purposes. Now that the decision in Moitie I has been effectively reversed by this court, should the decision in Moitie II which cited Moitie I as Res judicata also be reversed?
 
 RES JUDICATA
 
 9
 We begin with the rule of law that, when a decision has been reversed on appeal, it cannot control subsequent cases as Res judicata. The Supreme Court implied this in Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891). The present doctrine is summarized by Professor Moore:
 
 
 10
 When a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel. A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.
 
 
 11
 1B Moore's Federal Practice (2d ed.) P 0.416(2), p. 2231.[3]
 
 
 12
 Under this doctrine, if appellants had appealed from the judgment in Moitie I, we would now reverse it in Moitie II. Because they did not appeal Moitie I, however, that judgment has technically never been reversed as to them. A strict application of the doctrine of Res judicata would preclude our review of the instant decision.
 
 
 13
 Such a technical application of the doctrine ignores the obvious fact that the decision in Moitie I, if not the judgment as to these two appellants, has been reversed. Such technical application of procedural rules defeats our real purpose, which is to do justice. As with the other five plaintiffs whose cases were consolidated in Moitie I, appellants Brown and Moitie should have their day in court. Had the district court known of the Supreme Court's disposition in Reiter, and of our subsequent reversal of Moitie I, it would not have dismissed the instant actions on Res judicata grounds.
 
 
 14
 It is well-established that non-appealing parties may benefit from a reversal when their position is closely interwoven with that of appealing parties. See, e. g., Kvenild v. Taylor, 594 P.2d 972, 978 (Wyo.1979); Ford Motor Credit Co. v. Uresti, 581 S.W.2d 298, 300 (Tex.1979); In Re Estate of McDill, 14 Cal.3d 831, 840, 122 Cal.Rptr. 754, 759, 537 P.2d 874 (1975).
 
 
 15
 In this case the appealing and non-appealing parties' positions are identical. There are no factual differences because the lower court did not reach the merits, holding as a matter of law that consumers had no standing to bring these antitrust actions.
 
 
 16
 The fact that this court could have reversed the judgments against Moitie and Brown when it reversed Weinberg, distinguishes the case from those cited by appellees. In Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932), there were two separate but related cases. The first concerned the right to rents from certain property. The second was an ejectment action brought by the successful party in case 1. Case 1 was appealed and reversed and case 2 was not appealed. When the successful appellant in case 1 brought a new ejectment action, the court held that the suit was barred by Res judicata because case 2 had not been appealed.
 
 
 17
 Here by contrast, the underlying case was successfully appealed. As noted, this court could reverse even as to non-appealing parties. In Reed the court which reversed case 1 had no jurisdiction to reverse case 2. The other cases cited by appellees are similarly distinguishable.
 
 
 18
 The doctrine of Res judicata must, in rare instances, give way to overriding concerns of public policy and simple justice. See, e. g., La Societe Anonyme des Parfums LeGalion v. Jean Patou, Inc., 495 F.2d 1265, 1276 (2d Cir. 1974); 1B Moore's Federal Practice (2d ed.) P 0.405(11), p. 783. To apply the doctrine here would ignore common sense and simple justice. The trial court's initial determination that these plaintiffs had no standing to sue has been overruled by the Supreme Court and by this court. Only a hypertechnical application of a judicially-created doctrine would deny them their day in court.
 
 
 19
 An appellate court must do what is necessary to render substantial justice. Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192 (1944). "In disposing of cases before us it is our responsibility to make such disposition as justice may require." Id., at p. 156, 64 S.Ct. at 927. Because the instant dismissal rested on a case that has been effectively overruled, justice requires that the dismissal be reversed.[4] We remand to the district court for proceedings consistent with the holding in Reiter, supra.
 
 
 20
 REVERSED AND REMANDED.
 
 
 
 *
 Of the District of Montana
 
 
 [1]
 The original consolidated case is reported under the name Weinberg v. Federated Department Stores, 426 F.Supp. 880 (N.D.Cal.1977). This court reversed the trial court by an order filed June 25, 1979, which read:
 Following oral argument on December 7, 1978, this court ordered that submission of this appeal should be withheld pending action by the United States Supreme Court in Reiter v. Sonotone Corp., 579 F.2d 1077 (8th Cir. 1978). On June 11, 1979 the Supreme Court decided Reiter v. Sonotone Corp., 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931.
 IT IS ORDERED that the judgments of the district court are reversed, and the cause is remanded for further proceedings in light of Reiter v. Sonotone Corp.
 
 
 [2]
 The parties have devoted their briefs and oral arguments to the removal issue. They have not briefed the Res judicata question, even after invitation to do so
 
 
 [3]
 The same conclusion was reached in McDonald v. McDonald, 53 Wis.2d 371, 192 N.W.2d 903 (1972):
 The reversal of a judgment which is a basis of a claim of res judicata in a later action warrants reversal of the finding of res judicata in the later action.
 
 
 [192]
 N.W.2d at p. 912
 
 
 [4]
 We are also mindful of the fact that Moitie I was dismissed for want of standing to sue. No court has ever considered these actions on the merits