Merrimack County Probate Court
No. 80-317

*In re* IRENE W.

March 6, 1981

*Cooper, Hall & Walker*, of Rochester (*Mark S. Moeller* on the brief and orally), for Irene W.

*Perkins, Upshall & Robinson*, of Concord (*Kenneth L. Robinson, Jr.*, on the brief and orally), for Robert H. _____ .

PER CURIAM. On October 20, 1977, the Merrimack County Probate Court entered a decree, pursuant to RSA 170-C:5 III, terminating the parental rights of Robert H. _____ and Irene W. over their three minor children. Robert appealed from the decision and was successful in this court. *State v. Robert H.* _____ , 118 N.H. 713, 393 A.2d 1387 (1978). From the date of the initial decree until January 17, 1980, twenty-seven months later, Irene took no court action. Then she filed a petition in the Merrimack County Probate Court seeking to reestablish her parental rights. Robert filed a motion objecting to her petition, in which the children's guardian ad litem joined.

On July 11, 1980, the Probate Court (*Cushing*, J.) transferred without ruling the following four questions:

"1. Were the parental rights of Irene W. terminated by her failure to appeal the order of the Merrimack County Probate Court dated October 20, 1977 terminating her parental rights?

2. If the answer to the previous question is 'yes', does the Merrimack County Probate Court now have the discretion to reverse or modify its order with respect to Irene W.?

3. Did the New Hampshire Supreme Court in *State v. Robert H.* _____ , 118 N.H. 713 (1978), intend to vacate in its entirety the Order of the Merrimack County Probate Court dated October 20, 1977, terminating the parental rights of both Robert H. and Irene W.?

4. Does the failure of Irene W. to appeal the decision of the Merrimack County Probate Court terminating the parental rights of both Robert [W.] and Irene [W.] constitute a waiver of her fundamental constitutional parental rights given the decision of the New Hampshire Supreme Court in *State v. Robert H.* _____ , 118 N.H. 713 (1978)?"

■ The first question requires no discussion. The probate court entered a decree terminating Irene's parental rights. She had a right to appeal the decision within thirty days under RSA 170-C:15 and RSA 567-A:1 (Supp. 1979), and an additional year to file a late appeal under RSA 567-A:5 (Supp. 1979). When she failed to appeal within either of those time limits, her parental rights were terminated. *Town of Nottingham v. Lee Homes, Inc.*, 118 N.H. 438, 444, 388 A.2d 940, 943 (1978); RSA 170-C:12; RESTATEMENT OF JUDGMENTS § 69, Comment e (1942).

■■ We next consider whether our decision in *State v. Robert H.* _____ *supra,* vacating the order terminating Robert's rights, also vacated the order as to Irene. In *Robert H.,* we recognized that "[o]nly Robert appealed . . . ," *State v. Robert H.* _____ , 118 N.H. at 715, 393 A.2d at 1388. Thus our decision vacated the order only as to Robert. Irene recognizes that the reversal of a judgment as to an appealing party does not justify reversal as to a non-appealing party unless the rights of the parties are so interwoven or dependent as to require reversal in the interest of justice. *In re Estate of McDill,* 14 Cal. 3d 831, 840, 122 Cal. Rptr. 754, 759, 537 P.2d 874, 879 (1975) (in bank); *Ford Motor Credit Co. v. Uresti,* 581 S.W.2d 298, 300 (Tex. Civ. App. 1979). Nonetheless, she argues that this is a case in which the rights of the parties are mutually dependent. The record, however, shows that the parents had not lived together with their children since October 1972, and that their only common bond was the historical fact of parentage of the three children. At the time of the hearings in 1977, Robert and Irene each had separate counsel. From these facts we cannot conclude that the rights of the parties are so interwoven as to require reversal of the termination decree against Irene. The court's decree of termination of the rights of one parent may stand independently of the decree as to the other parent.

■■ In *State v. Robert H.* _____ , 118 N.H. at 715–16, 393 A.2d at 1388–89, this court recognized that parental rights are fundamental constitutional rights. Constitutional rights, however, may be waived by a failure to take procedural steps necessary to assert them. *See Orr v. Orr,* 440 U.S. 268, 274–75 n.4 (1979); *Martineau v. Perrin,* 119 N.H. 529, 532, 404 A.2d 1100, 1102 (1979). Relying on *Johnson v. Zerbst,* 304 U.S. 458, 468–69 (1938), Irene argues that a waiver of constitutional rights must be knowingly and intelligently made. She argues that, because her attorney was unable to contact her after the termination hearing, the record

does not show that she knew she had a right to appeal. Although proof that a waiver was made knowingly may be required in the context of a criminal trial, it is not required in this case, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 235–37 (1973), particularly since it was Irene's failure to communicate with her attorney that is responsible for the procedural omission. *Cf. Michel v. Louisiana*, 350 U.S. 91, 99 (1955). Accordingly, we find that Irene waived her constitutional parental rights by her failure to appeal. *Accord, In re Asterbloom's Adoption*, 63 Nev. 190, 197–99, 165 P.2d 157, 160–61 (1946).

■■ In view of the above discussion, we hold that the probate court does not have the discretion to reverse or modify the order with respect to Irene. Even though a court may vacate, modify or amend judgments based upon "fraud, accident, or mistake, which renders it against conscience to execute the decree . . .", *Knight v. Hollings*, 73 N.H. 495, 502, 63 A. 38, 42 (1906); *see In re Estate of Lund*, 118 N.H. 180, 185, 385 A.2d 111, 114 (1978), the unexplained two and one-quarter year delay in asserting her rights does not require relief for Irene under the facts before us.

Accordingly, we answer questions one and four in the affirmative and questions two and three in the negative.

*Remanded.*

GRIMES, C.J., and BROCK, J., did not sit.