See also, 9 Cir., 608 F.2d 1374.

**Floyd R. BROWN, Appellant,**

**v.**

**FEDERATED DEPARTMENT STORES, INC., dba I. Magnin & Co., and Bullocks Northern California; Saks & Company dba Saks Fifth Avenue; and Does I through XX, Appellees.**

**No. 77–3101.**

United States Court of Appeals, Ninth Circuit.

July 30, 1981.

Before WRIGHT and TANG, Circuit Judges, and JAMESON, Senior District Judge.

In *Federated Department Stores, Inc. v. Moitie,* —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the Supreme Court

---

reversed our decision in *Moitie v. Federated Department Stores, Inc.*, 611 F.2d 1267 (1980), and remanded for proceedings in conformity with its opinion. We now affirm the decision of the district court dismissing the action on the basis of res judicata.

■ The only issue unresolved by the Court's opinion is whether Brown presented state law claims that are not barred by res judicata.

We held:
Appellants first contend that removal was improper because they stated a valid state claim. We disagree. The court below correctly held that the claims presented were federal in nature, arising solely from price fixing on defendants' part.

611 F.2d at 1268. Since this holding was not reversed, the law of the case is that Brown presented no valid state law claims.

■ Even if he did, they are barred. A judgment on the merits is an absolute bar to a subsequent action between the same parties on the same claim. *See* 1B Moore's Federal Practice ¶ 0.410[2] at 1163; Restatement (Second) of Judgments § 61 (Tent. Draft No. 5, March 10, 1978). Two claims are the same if they arise from the same transactions or events. *Id.*

The federal antitrust claim in *Brown I* and the state law claims in *Brown II* arise from the same transactions. *See* 611 F.2d at 1268. It is not clear that the district court in *Brown I* would have refused to exercise jurisdiction over state law claims. *See* —— U.S. at ——, 101 S.Ct. at 2430 (Blackmun, J., concurring). The state law claims are barred by res judicata.

The decision of the district court is AFFIRMED.