724 F.2d 1347
 1984-1 Trade Cases 65,771
 Joel and Patty DERISH, Plaintiffs-Respondents,
v.
SAN MATEO-BURLINGAME BOARD OF REALTORS, California
Association of Realtors, National Association of
Realtors, H. Kent Atwater, Defendants-Petitioners.
 No. 83-1791.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 12, 1983.
Decided Dec. 23, 1983.
 
 Moses Lasky, Lasky, Haas, Cohler & Munter, San Francisco, Cal., for defendants-petitioners.
 David Barry, Barry & Finley, San Francisco, Cal., for plaintiffs-respondents.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, ALARCON, and BOOCHEVER, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 This case arose under section 1 of the Sherman Act, 15 U.S.C. Sec. 1, and comes to us on a certified interlocutory appeal, 28 U.S.C. Sec. 1292(b). The question is appropriately narrow. California has a state antitrust statute, the Cartwright Act, Cal.Bus. & Prof.Code Secs. 16700-60 (West 1964 & Supp.1983), "patterned after the Sherman Act." Marin County Board of Realtors, Inc. v. Palsson, 16 Cal.3d 920, 925, 549 P.2d 833, 130 Cal.Rptr. 1 (1976). When a plaintiff sues under the Cartwright Act and loses, will res judicata bar him from bringing the same suit against the same defendant in federal court under substantially the same law in the Sherman Act? We hold that it will.
 
 
 2
 * The San Mateo-Burlingame Board of Realtors (the Board) operates a multiple listing service (MLS) for real estate sales. Only licensed real estate salesmen or brokers may use the MLS. The Derishes sold their house through a real estate broker who, as a licensed member of the Board, could use the MLS. The broker received a standard commission for the sale and helped the Derishes find a new house.
 
 
 3
 After the sale, the Derishes sued their broker, the Board, and state and national associations of realtors (jointly the Realtors) under the Cartwright Act. The Derishes alleged essentially that by limiting access to the MLS and encouraging the exchange among brokers of information found in the MLS, the Realtors were engaged in a conspiracy in unreasonable restraint of trade and commerce. The state trial court dismissed the complaints with prejudice. The California Court of Appeal affirmed. After analyzing the MLS practices under the rule of reason, the court concluded that "it is not improper to deny access [to a MLS] to persons who are not licensed real estate brokers or sales agents" and the Derishes "fail to allege any harm which might give rise to an antitrust cause of action." Derish v. San Mateo-Burlingame Board of Realtors, 136 Cal.App.3d 534, 536, 542, 186 Cal.Rptr. 390 (Ct.App.1982). The California Supreme Court declined to review this decision.
 
 
 4
 Before the California Court of Appeal ruled, however, the Derishes filed a suit in federal court against the Realtors based on the same facts and alleging the same conspiracy and unreasonable restraint of trade or commerce. The only difference was that they brought their federal case under the Sherman Act.
 
 
 5
 Once the California state decision had become final, the Realtors moved to dismiss the federal suit on grounds of res judicata. The district court denied the motion and certified the question for appeal under 28 U.S.C. Sec. 1292(b). We accepted it.
 
 
 6
 The Derishes filed a third amended complaint in the district court after we accepted the appeal. This proposed amended complaint is not before us, see Dempsey v. Guaranty Trust Co. of New York, 131 F.2d 103, 104-05 (7th Cir.1942) (equivalent circumstances under predecessor to 28 U.S.C. Sec. 1292(a) practice), cert. denied, 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1139 (1943); see also Anderson v. Air West, Inc., 542 F.2d 1090, 1093 (9th Cir.1976); Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949, 950 n. 4 (7th Cir.1964) ("We must act upon the record as it was at the time the court ruled...."), and therefore cannot change the issue of res judicata presented in the certified question.
 
 II
 
 7
 The doctrine of res judicata incorporates principles of both merger and bar, and is sometimes referred to as "claim preclusion." Wright, The Law of Federal Courts, 680 (4th ed. 1983). The question before us concerns bar. We have held that a "judgment on the merits is an absolute bar to a subsequent action between the same parties on the same claim." Brown v. Federated Department Stores, Inc., 653 F.2d 1266, 1267 (9th Cir.), on remand from Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); accord, e.g., Board of Trustees of Carpenters Pension Trust Fund v. Reyes, 688 F.2d 671, 673 (9th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 3088, 77 L.Ed.2d 1349 (1983); American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1146 (9th Cir.1981); Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1330 (9th Cir.1981). When a state judgment is involved, a second principle must be considered. Congress has commanded federal courts to give state court judgments the same full faith and credit as they would receive in the courts of the state, 28 U.S.C. Sec. 1738. See, e.g., Kremer v. Chemical Construction Corp., 456 U.S. 461, 466 & n. 6, 102 S.Ct. 1883, 1889 & n. 6, 72 L.Ed.2d 262 (1982) (28 U.S.C. Sec. 1738 requires same preclusive effects in federal as state court).
 
 
 8
 The Derishes acknowledge that a prior judgment on the merits between the same parties exists at the state level. They argue, however, that the state antitrust suit and the federal antitrust suit do not involve the same "claim." If they are correct, res judicata will not bar the federal suit. E.g., Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.1980) (res judicata precludes only claims arising out of the same "cause of action").
 
 
 9
 To determine whether the Derishes' state and federal suits involve the same claim, we are assisted by asking:
 
 
 10
 (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
 
 
 11
 Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), cert. denied, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982) (Costantini ), quoting Harris v. Jacobs, 621 F.2d at 343. These are tools of analysis, not requirements, because identity of claims "cannot be determined precisely by mechanistic application of a simple test." Abramson v. University of Hawaii, 594 F.2d 202, 206 (9th Cir.1979). However, examination for an identical "transactional nucleus of facts" is clearly the most important factor, Harris v. Jacobs, 621 F.2d at 343; see also Brown v. Federated Department Stores, 653 F.2d at 1267 ("Two claims are the same if they arise from the same transactions or events.").
 
 
 12
 This case, however, adds another dimension. Federal courts have exclusive jurisdiction of suits under the federal antitrust laws, Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813, 821 (9th Cir.), cert. denied, 456 U.S. 1011, 102 S.Ct. 2308, 73 L.Ed.2d 1308 (1982) (rejecting abstention based on "wise judicial administration" because state and federal courts do not have concurrent jurisdiction of federal antitrust claims). There are thus two competing policies which apply to this case. It is by weighing these competing policies of exclusive federal jurisdiction and res judicata that a proper decision may be reached. Weighing those policies brings into focus a third policy: federal res judicata properly based on a state judgment serves to "promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).
 
 III
 
 13
 Turning first to the questions we suggested in Costantini, an examination of the record reveals immediately that the Derishes' state and federal suits arose from the same transactional nucleus of facts, and, from all indications, that substantially the same evidence would have been presented in the two actions. The remaining criteria of Costantini ask whether the suits involve the same right and whether the later suit may impair a right affirmed in the earlier case.
 
 
 14
 The Derishes seek freedom from unreasonable restraints on trade or commerce, and set up that right under two statutes, one state and one federal. If the statutes set the same standards for defining unreasonable restraints and imposing liability, they have defined the same right for purposes of our res judicata inquiry. In contrast, if federal law imposes stricter liability than state law, application of res judicata is inappropriate. See Clark v. Watchie, 513 F.2d 994, 997 (9th Cir.), (securities law) cert. denied, 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975).
 
 
 15
 California has long held that the Sherman Act and the Cartwright Act are similar and that Sherman Act cases apply in construing the Cartwright Act. E.g., Younger v. Jensen, 26 Cal.3d 397, 405 n. 4, 605 P.2d 813, 161 Cal.Rptr. 905 (1980); Mailand v. Burckle, 20 Cal.3d 367, 376, 572 P.2d 1142, 143 Cal.Rptr. 1 (1978); Marin County Board of Realtors, Inc. v. Palsson, 16 Cal.3d 920, 925, 549 P.2d 833, 130 Cal.Rptr. 1 (1976); Oakland-Alameda County Builders' Exchange v. F.P. Lathrop Construction Co., 4 Cal.3d 354, 362 n. 3, 482 P.2d 226, 93 Cal.Rptr. 602 (1971). Both California and the United States apply their respective Acts to real estate brokerage cases. United States v. Real Estate Boards, 339 U.S. 485, 490-91, 70 S.Ct. 711, 714-15, 94 L.Ed. 1007 (1950); Marin County Board of Realtors, Inc. v. Palsson, 16 Cal.3d at 925, 549 P.2d 833, 130 Cal.Rptr. 1. Both the Sherman Act and the Cartwright Act permit treble damages. See 15 U.S.C. Sec. 15; Cal.Bus. & Prof.Code Sec. 16750 (West 1964). In the Derishes' state case, the California Court of Appeals relied heavily on federal case law under the Sherman Act; for example, applying the rule of reason by citation to Broadcast Music, Inc. v. CBS, 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979); Continental T.V., Inc. v. GTE Sylvania, Inc., 433 U.S. 36, 49-50, 97 S.Ct. 2549, 2557-58, 53 L.Ed.2d 568 (1977); and Standard Oil v. United States, 221 U.S. 1, 55, 31 S.Ct. 502, 513, 55 L.Ed. 619 (1911). See Derish v. San Mateo-Burlingame Board of Realtors, 136 Cal.App. at 537-38, 186 Cal.Rptr. 390.
 
 
 16
 Faced with the same situation--a state judgment based on a state antitrust statute incorporating the law of the Sherman Act both in language and interpretation--the Fourth Circuit held res judicata barred a later Sherman Act suit between the same parties on the same facts, and stated that "the identity of two actions, as intimately tied together as these two, will not be destroyed in the res judicata context simply because the two suits are based on different statutes." Nash County Board of Education v. Biltmore Co., 640 F.2d 484, 488 (4th Cir.), cert. denied, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). We agree. The appellees have not identified any difference in the substantive law of the Sherman Act and the Cartwright Act governing the two suits; their rights under those Acts are the same.
 
 
 17
 They nonetheless urge that because the state judge dismissed their suit, but the federal judge ruled to the contrary, the state and federal law applicable to their claim must differ. We would be naive to think different judges, applying the same basic law, could not reach different conclusions on a motion to dismiss. Inconsistent rulings on claims otherwise the same, a possibility directly raised by the Derishes' argument, are among the chief evils the doctrine of res judicata aims to prevent.
 
 
 18
 The final question suggested by Costantini is easily answered. Obviously, the right of the Realtors to be free of this claim as established in the state suit would be destroyed or impaired by the federal suit. Thus, all the questions we proposed in Costantini lead to the conclusion that the two suits involve the same claim. No additional inquiry appears necessary for our conclusion based upon the facts of this case.
 
 IV
 
 19
 Because the prior state suit involved the same parties in the same postures and the same basic claim, a second suit like the one prosecuted by the Derishes would normally be barred. They further argue, however, that because their second suit implicates exclusive federal jurisdiction over federal antitrust law, a different result should obtain.
 
 
 20
 We stated in In re Houtman "that a grant of exclusive jurisdiction to federal courts does not automatically preclude the application of the doctrine of collateral estoppel.... However, we believe that collateral estoppel is inappropriate when 'a new determination is warranted ... by factors relating to the allocation of jurisdiction between [the two courts].' " 568 F.2d 651, 653 n. 2 (9th Cir.1978), quoting Restatement (Second) of Judgments Sec. 68.1(c) (Tentative Draft No. 4, 1977). This analysis may also apply to res judicata. In Houtman, the factors related to the allocation of jurisdiction clearly disfavored application of preclusion doctrines. The case involved discharge of a debt in bankruptcy, a judicial process designed as nearly as possible to adjudicate at one time in a single expert forum all the claims against the estate of a debtor, see S.Rep. No. 91-1173, 91st Cong., 2d Sess. 9 (1970), and Congress clearly specified the exclusive jurisdiction of the bankruptcy court in this area, see H.Rep. No. 91-1502, 91st Cong., 2d Sess. 2 (1970), reprinted in 1970 U.S.Code Cong. & Ad.News 4156. Cf. 15 U.S.C. Sec. 15. Similarly, in Red Fox v. Red Fox, 564 F.2d 361, 365 (9th Cir.1977), although we gave preclusive effect to a state court judgment against a later federal suit under the Indian Civil Rights Act, 25 U.S.C. Secs. 1301-03, we observed that the "unique historical relationship between the American Indian and the federal government" might sometimes require a different result.
 
 
 21
 The two Derish cases do not involve such factors that would persuade us, without further analysis, to forego res judicata and find an implied exception to the full faith and credit commanded by 28 U.S.C. Sec. 1738. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982); Allen v. McCurry, 449 U.S. 90, 99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980). We are left, then, to balance the general policies behind exclusive federal jurisdiction against those of res judicata.
 
 
 22
 Opinions of other federal courts cited to us that have struck the balance against res judicata in antitrust cases contain an anomaly in the state antitrust law which indicates a difference in the claims asserted in the two fora. For example, in Lyons v. Westinghouse Electric Corp., 222 F.2d 184, 189 (2d Cir.), cert. denied sub nom. Walsh v. Lyons, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955), which involved the similar doctrine of collateral estoppel, the court stated "the grant to the district courts of exclusive jurisdiction over the action for treble damages should be taken to imply an immunity of their decisions from any prejudgment elsewhere." The state judgment involved there was based on a state statute that did not allow for treble damages. See also Hayes v. Solomon, 597 F.2d 958, 959, 984 (5th Cir.1979), cert. denied, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); Cream Top Creamery v. Dean Milk Co., 383 F.2d 358 (6th Cir.1967). Our opinion on abstention in Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9th Cir.1963), while also limited to collateral estoppel, focused on doubt about the availability of treble damages and a jury trial under the California antitrust statute. Id. at 828-29. Our concern was due to the claim in state court being different from the federal claim. The doubt arose because collateral estoppel, unlike res judicata, precludes only matters actually determined in a prior suit, not matters that could have been determined. See Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 351 (1876). The treble damage and jury trial concerns do not apply to our case. The Derishes sued first in state court under provisions of the Cartwright Act that clearly permit treble damages and jury trials. See Cal. Const., art. I, Sec. 16; Cal.Bus. & Prof.Code Sec. 16750(a) (West Supp.1983).
 
 
 23
 As this illustrates, the basic policies behind exclusive federal jurisdiction are not heavily implicated in the Derish cases. Applying res judicata would not infringe on any uniform interpretation of federal antitrust law because the state case will not establish substantive federal antitrust precedent. California judges have expertise in adjudicating antitrust claims by application of federal law. Cf. Hathorn v. Lovorn, 457 U.S. 255, 266 & n. 18, 102 S.Ct. 2421, 2429 & n. 18, 72 L.Ed.2d 824 (1982) (although state courts lack jurisdiction under 15 U.S.C. Sec. 15, they often decide federal antitrust issues collaterally; citing with approval cases involving, e.g., a California Court of Appeals decision on the Sherman Act). The remedial reach of California jurisdiction parallels federal remedies, California is hospitable to such suits, and a California adjudication would provide opportunities for jury trial and discovery consistent with due process as would a federal suit. See generally Gulf Offshore Oil Co. v. Mobil Oil Corp., 453 U.S. 473, 483-84, 101 S.Ct. 2870, 2877-78, 69 L.Ed.2d 784 (1981); Note, The Res Judicata Effect of Prior State Court Judgments in Sherman Act Suits: Exalting Substance Over Form, 51 Ford.L.Rev. 1374, 1400 (1983); Comment, Exclusive Federal Jurisdiction: The Effect of State Court Findings, 8 Stan.L.Rev. 439, 447 (1956). As the Supreme Court stated pertaining to matters relating to a United States patent, but determined in a state suit, the mere existence of exclusive federal jurisdiction "does not give sacrosanctity to facts that may be conclusive upon the question in issue" in federal court. Becher v. Contoure Laboratories, 279 U.S. 388, 391, 49 S.Ct. 356, 357, 73 L.Ed. 752 (1929). Cf. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. at 483 n. 12, 101 S.Ct. at 2878 n. 12 (even a finding of exclusive federal jurisdiction "will not prevent a state court from deciding a federal question collaterally."). This comment is no less true applied to res judicata.
 
 
 24
 On the other side of the balance, the policies behind res judicata itself are heavily implicated in this case. They require but brief description. Application of the preclusion doctrine will remove most of this trial from the nation's crowded dockets, though the district court must still consider whether preclusion bars the Derishes' third amended complaint. The Realtors will be spared much of the expense of paying again to defend a claim already defended. "The principles of comity and repose embodied in 28 U.S.C. Sec. 1738" by congressional command--a heavy factor--will be obeyed in giving res judicata effect to California's judgment. See Kremer v. Chemical Construction Corp., 456 U.S. at 463, 102 S.Ct. at 1888. Possible inconsistent results will be avoided. Considered reliance on both state and federal judiciary to resolve disputes will be fostered. See Allen v. McCurry, 449 U.S. at 94, 101 S.Ct. at 414. As between the policy involving exclusive federal jurisdiction and the policy providing a state judgment full faith and credit through res judicata, the balance in this case favors res judicata.
 
 V
 
 25
 Consistent with the analysis above, res judicata must bar a plaintiff who loses under the Cartwright Act from bringing the same suit against the same defendant in federal court under substantially the same law in the Sherman Act. When both state and federal law offer a plaintiff equally sharp teeth for enforcing the same claim, he may indeed have but "one bite at the apple." The denial of the Realtors' motion is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
 
 
 26
 REVERSED AND REMANDED.