Arnold Maxwell HARRIS,
Plaintiff-Appellant,

v.

George JACOBS et al.,
Defendants-Appellees.

No. 78–3635.

United States Court of Appeals,
Ninth Circuit.

June 11, 1980.

Arnold Maxwell Harris, pro se.

Michael A. Lehner, Portland, Or., for defendants-appellees.

Before BROWNING and PREGERSON, Circuit Judges, and TAKASUGI,* District Judge.

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

PER CURIAM:

Arnold Harris, an inmate at the Oregon State Penitentiary, brought a pro se civil rights action alleging he was denied adequate medical care while incarcerated, in violation of the Eighth Amendment's proscription against cruel and unusual punishment and the Due Process Clause of the Fourteenth Amendment. The district court entered summary judgment for defendants and Harris appealed. We affirm in part and remand for further proceedings.

I

Harris's pro se complaint alleges that he suffers from a salt-related disease and has an intolerance for salt; that he suffers from severe headaches, nausea and deteriorating vision caused by ingestion of ordinary amounts of salt; that he sought but was denied treatment for his illness by prison medical personnel; that requests made by him and his son to have a private nonprison medical doctor examine and treat him were ignored by prison officials; and that as a result, he was subjected to cruel and unusual punishment and denied due process.

While his civil rights action was pending Harris filed a petition in state court for a writ of habeas corpus. His state habeas petition alleged an inadequate medical care claim similar to that in the federal civil rights complaint but did not distinctly allege that he had been wrongly denied access to private nonprison medical care. After a hearing on the merits, the state court denied Harris's petition on the ground that "respondent [Superintendent of the State Prison] has provided petitioner with adequate medical treatment and care." Thereafter, the district court entered summary judgment in Harris's civil rights action. The district court held that the state habeas judgment was res judicata; and, alternatively, that Harris had received constitutionally adequate medical care from prison doctors.

II

■ Construing Harris's pro se civil rights complaint liberally, as we must, see *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), he has alleged two distinct claims. The first is that he received inadequate medical treatment from prison medical personnel. This claim was fully adjudicated on the merits in Harris's state habeas proceeding. The state court found Harris was receiving adequate prison medical care. Harris is collaterally estopped by this finding. Relief premised on Harris's first claim was properly denied.

However, Harris alleged a second and distinct claim that he has a qualified right to obtain his own medical care from a private nonprison medical professional at his own expense, and that prison officials wrongly denied his request for access to such outside medical care. Based upon the record before us, we cannot say this claim is frivolous, either legally or factually.

III

■ State-granted liberty or property rights of prison inmates are entitled to protection under the Due Process Clause against arbitrary state abrogation. See *Vitek v. Jones*, —— U.S. ——, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Meachum v. Fano*, 427 U.S. 215, 225–27, 96 S.Ct. 2532, 2538–40, 49 L.Ed.2d 451 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974). An arguable claim can be made that Oregon law accords prison inmates a qualified right of access to medical care outside the prison facility at the inmate's expense.[1] This interpretation is

---

1. Under Oregon law, felons retain all political, civil and other rights, with certain exceptions not relevant here, although the exercise of those rights is subject to reasonable regulation by prison authorities. *See* Or.Rev.Stat. §§ 137.275, 137.280, 137.285. Or.Rev.Stat. § 421.165 provides for temporary leaves from prison for the specific purpose of "obtaining

medical services not otherwise available" in the institution. The statute also requires the adoption of rules and regulations for temporary leaves indicating that the leave program is to be administered with some procedural regularity. Or.Rev.Stat. § 179.479 also provides for conveyance of prisoners to care facilities out-

supported by a letter in the record from the Governor of Oregon to Harris apparently acknowledging such an access right.[2] There is also uncontradicted evidence in the record that Harris sought either a temporary medical leave from the institution or permission to have a doctor come in to examine him, but that his requests were ignored by prison officials without any statement of reasons. If Harris's requests were simply ignored and denied without a statement of reasons, he may have been denied due process. *Cf. Winsett v. McGinnes*, 617 F.2d 996 (3d Cir. 1980) (en banc).

## IV

Harris's access-to-medical-care claim is not barred by the prior state adjudication under principles of collateral estoppel or res judicata.

■ A party asserting the defense of collateral estoppel has the burden of showing that the issue for which an estoppel is claimed was actually adjudicated in a prior proceeding. *McNellis v. First Federal Savings & Loan Ass'n*, 364 F.2d 251, 257 n.8 (2d Cir. 1966); *In re Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979). If there is doubt on this score, collateral estoppel will not be applied. *McNellis v. First Federal Savings & Loan Ass'n, supra*, 364 F.2d at 257.

Harris's access claim was not distinctly alleged in his state habeas petition. Moreover, the state court's sole finding was that Harris received constitutionally adequate medical care from prison doctors. The court made no finding pertaining to a claim of improper or arbitrary denial of Harris's request for access to nonprison medical care. Therefore, the claim is not barred by the prior state court judgment under the doctrine of collateral estoppel.

Nor is Harris's access claim barred by the doctrine of res judicata. Res judicata pre-

clusion extends only to claims that arise out of the same "cause of action" asserted in the prior action. *Lawlor v. National Screen Service*, 349 U.S. 322, 329, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955); *Munoz v. County of Imperial*, 604 F.2d 1174, 1177 (9th Cir. 1979) *cert. granted*, —— U.S. ——, 100 S.Ct. 1077–78, 63 L.Ed.2d 318 (1980). What constitutes a "cause of action" for purposes of res judicata "cannot be defined with precision," 1B Moore's *Federal Practice & Procedure*, ¶ 0.410[1] at 1154, or "determined precisely by mechanical application of a simple test." *Abramson v. University of Hawaii*, 594 F.2d 202, 206 (9th Cir. 1979).

■ There are various criteria for determining whether the same cause of action is involved in the two suits: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *See Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977); 1B Moore's Federal Practice & Procedure, ¶ 0.410[1] at 1157–58. "The crucial element underlying all of the standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action . . ." *Expert Electric, Inc. v. Levine, supra*, 554 F.2d at 1234.

Harris's prosecution of his access claim would not impair or undermine the prior state judgment that the penitentiary's medical care satisfied minimal constitutional standards. The theory underlying Harris's access claim is that even if he received constitutionally adequate medical care from prison authorities under the standard estab-

---

side the prison when medical care cannot satisfactorily be provided at the institution.

**2.** The Governor's letter to Harris states:

If you do not believe you are receiving proper care, however, you do have the right to seek

medical assistance from the practitioner of your choice at your own expense. I am sure that the Penitentiary Staff will make the institution's facilities available, and will give full cooperation to any licensed medical practitioner you choose.

lished in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), he nonetheless has a state-granted access right that permits him to obtain care, including specialized or supplemental care, from the nonprison medical professional of his choice, so long as he himself and not the institution bears the cost.

Similarly, the evidentiary facts underlying the claim focus on whether Harris's request for access to nonprison medical care was properly made and whether prison authorities fairly considered and denied the request in compliance with the requirements of Oregon law and due process. Thus, the relevant evidentiary facts clearly differ from those involved in the prior state habeas proceeding. Finally, a res judicata bar is not indicated under the "same right" test. Harris's prior claim of having received inadequate medical care from prison doctors is founded on the Eighth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), whereas a claim of improper denial of a state-granted liberty or property right is premised on the Due Process Clause of the Fourteenth Amendment. *See Vitek v. Jones, supra,* —— U.S. ——, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). Harris's claim that he was improperly denied access to nonprison medical care is not barred by res judicata.[3]

Appellant's access claim is a novel one and we express no opinion on either the legal or factual issues underlying it. We simply find that given the record before us and our obligation to liberally construe pro se pleadings, Harris has a colorable due process claim based upon the manner in which prison authorities denied his request for access to nonprison medical care, and that the issues underlying this claim merit further consideration.

Affirmed in part and remanded for further consideration in light of this opinion.

---

**3.** Our conclusion would be no different were we to apply the Oregon law of res judicata under the full faith and credit statute, 28 U.S.C. § 1738. Traditional claim preclusion is applied in that jurisdiction, *see McAllister v. Charter First Mortgage, Inc.*, 279 Or. 279, 285, 567 P.2d 539, 542 (1977); *Waxwing Cedar Prods., Ltd. v.*

*Koennecke*, 278 Or. 603, 610–11, 564 P.2d 1061, 1064–65 (1977). Under Oregon law an "aggregate of operative facts" test is used to define "cause of action" for purposes of res judicata. *Troutman v. Erlandson*, 287 Or. 187, 202–03, 598 P.2d 1211, 1219 (1979).