956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SPOKANE INDIAN TRIBE, Plaintiff-Appellant,
v.
STATE OF WASHINGTON; Washington Water Power Company;
United States of America, Defendants-Appellees.
Spokane Indian Tribe, Plaintiff-Appellee,
v.
STATE OF WASHINGTON; United States of America, Defendants,
and
Washington Water Power Company, Defendant-Appellant.
 Nos. 91-35000, 91-35472.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided March 12, 1992.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Spokane Tribe of Indians ("the Tribe") brought this action to obtain a declaratory judgment concerning the ownership and title to the bed and northern bank of the Spokane River and the water rights of the river, which lay within the boundaries of the Spokane Indian Reservation.
 
 
 3
 The district court granted summary judgment in favor of Washington Water Power Company ("WWPC") after finding that the Tribe was collaterally estopped from claiming an ownership interest in the land under the Little Falls Dam and Reservoir by a prior decision in Washington Water Power Co. v. F.E.R.C., 775 F.2d 305 (D.C.Cir.1985). The order of the district court quieted title in the Tribe to certain of the river bed lands associated with the dam "except for that portion of the above-described river bed, if any, which is finally adjudged, after all avenues of appeal have been exhausted, to have been conveyed in fee simple to Washington Water Power Co. or its predecessor in interest pursuant to the act of March 3, 1905 (33 Stat. 1006)."
 
 
 4
 The Tribe appeals from that judgment on the grounds that it is not collaterally estopped from establishing its ownership interest to the entire land in question. WWPC appeals the denial of its motion to amend the judgment so as to quiet title in WWPC to that portion of the property which it maintains was held to have been granted to WWPC in the prior Washington Power decision.
 
 
 5
 The summary judgment is subject to de novo review. A & A Concrete, Inc. v. White Mountain Apache Tribe, 781 F.2d 1411, 1414 (9th Cir.), cert. denied, 476 U.S. 1117 (1986); Grigsby v. CMI Corp., 765 F.2d 1369, 1373 (9th Cir.1985). Summary judgment will be affirmed only when the record, considered in a light most favorable to the nonmoving party, reveals no genuine issue of material fact and establishes that the moving party is entitled to judgment as a matter of law. A & A Concrete, 781 F.2d at 1414.
 
 
 6
 The doctrine of collateral estoppel precludes parties from relitigating issues already decided by courts of competent jurisdiction. The party seeking to avail itself of the doctrine "has the burden of showing that the issue for which an estoppel is claimed was actually adjudicated in a prior proceeding." Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.1980). Because WWPC did not make the requisite showing in this case, we reverse the district court's grant of summary judgment in favor of WWPC and remand this case for a trial on the merits.
 
 
 7
 Collateral estoppel applies when (1) there is an identity of issues, (2) the issue to be precluded actually was litigated and decided in the prior action, and (3) deciding the issue was necessary to the court's judgment. Little v. United States, 794 F.2d 484, 487 (9th Cir.1986). Since none of these elements is present in the instant case, the district court applied the doctrine incorrectly to the Tribe's ownership claim. The proceedings which culminated in Washington Water Power Co. v. F.E.R.C., 775 F.2d 305 (D.C.Cir.1985), did not address the Tribe's claimed ownership interest in the disputed property. The court in that case merely determined that WWPC was not subject to the licensing requirements of the Federal Power Act, and did not decide whether the Tribe held an ownership interest in the disputed property. Washington Power does not involve a judicial determination of WWPC's precise property interest in the land under the Little Falls Dam.
 
 
 8
 A mere similarity between past and present issues will not suffice for purposes of collateral estoppel. The doctrine only applies when the issues are identical in fact. Little v. United States, 794 F.2d 484, 487 (9th Cir.1986); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir.1985).
 
 
 9
 The two issues that were resolved in Washington Power were (1) "whether Washington Power prior to June 10, 1920, possessed a 'valid existing right-of-way' to 'operate or maintain [a] dam' at Little Falls on the Spokane River," Washington Power, 775 F.2d at 311, and (2) "whether these rights fall within the exception recognized and granted in sections 23(a) and 23(b) of the Federal Power Act. FPA, 16 U.S.C. §§ 816 and 817." Washington Power, 775 F.2d at 323. Neither issue implicates the Tribe's claimed ownership interest in the land. Since the ownership issue could be resolved in the Tribe's favor without creating an inconsistency with Washington Power, the Tribe is not collaterally estopped from asserting its ownership claim. WWPC could have a valid right-of-way over land that is owned by the Tribe.
 
 
 10
 In addition to the difference between the issues raised in the instant case and those raised in Washington Power, collateral estoppel is also inappropriate because the Tribe's ownership interest was never actually litigated during the Washington Power proceedings. Consequently, the second requirement of collateral estoppel is also lacking in this case. Collateral estoppel will not attach to issues which were never actually litigated or to claims precluded from being raised in earlier proceedings. Clark-Cowlitz Joint Operating Agency v. F.E.R.C., 826 F.2d 1074, 1079 (D.C.Cir.1987), cert. denied, 485 U.S. 913 (1988); I.A.M. Nat'l Pension Fund v. Industrial Gear Mfg. Co., 723 F.2d 944, 947-49 (D.C.Cir.1983).
 
 
 11
 Although the Tribe intervened in the proceedings before the FERC because it believed that its potential ownership interest could be adversely affected during those proceedings, it never had an adequate opportunity to litigate its claim. The FERC granted the Tribe's motion to intervene but then declined to address the issues raised by the Tribe. The FERC stated this outright as follows:
 
 
 12
 The resolution of [the Tribe's ownership claim] is beyond the scope of this proceeding. The Presiding Judge has already ruled that the appropriateness of the actions taken by the Department of the Interior or the Secretary would not be determined in this proceeding. These actions will, however, be considered on their face in determining whether WWPC received a permit or a valid existing right-of-way prior to June 10, 1920, in accordance with the provisions of Section 23(b) of the Federal Power Act.
 
 
 13
 ... The decision will not address questions of land titles, water rights, compensation, or Spokane Tribal rights, since these are clearly extraneous to a determination of the threshold jurisdictional question.
 
 
 14
 The FERC proceedings were the subject of the appeals that culminated in the Washington Power decision, and the only issue ever litigated during those proceedings was whether WWPC had an interest, any interest, that would trigger the licensing exception in the Federal Power Act.
 
 
 15
 Finally, we find that collateral estoppel does not bar the Tribe's claim because the third element of the collateral estoppel doctrine also fails. Determining the Tribe's interest in the disputed property was not necessary to the holding in Washington Power. To determine whether WWPC qualified for the licensing exception to the Federal Power Act, the court only had to determine whether WWPC had obtained an interest or right-of-way prior to 1920. Whether WWPC owned a fee interest, an easement, or a right-of-way was irrelevant for purposes of determining whether WWPC needed to be licensed. Consequently, the Tribe is not collaterally estopped from litigating its claim.
 
 
 16
 The summary judgment is reversed and the case is remanded to the district court for further proceedings. The appeal by WWPC of the order denying its motion to amend the judgment is moot because of our reversal of the summary judgment. WWPC remains a party in this litigation and the wording of any judgment entered on remand will be as a result of further proceedings before the district court.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3