26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MCDONALD'S CORPORATION, a Delaware corporation, Plaintiff-Appellee,
v.
RINCON EAST, INC., a Colorado corporation; Randolph West
Investment Corporation, a Colorado corporation,
Defendants-Appellants.
 No. 92-16482.
 United States Court of Appeals, Ninth Circuit.
 Argued March 14, 1994.
Submission Deferred March 15, 1994.
Submitted May 2, 1994.
May 24, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rincon East, holder of two McDonald's franchises assigned to it by George and Joanne Krueger, appeals the district court's declaratory judgment that McDonald's properly terminated the franchises when it discovered that the Kruegers had violated the franchise agreements by involving themselves in competing fast food restaurants. Judge Marquez adopted the findings of fact and conclusions of law of the bankruptcy court in Colorado, which had previously determined McDonald's rights with respect to two other franchises owned by the Kruegers individually. Rincon argues that the district court erred in applying collateral estoppel to the bankruptcy court's findings because McDonald's right to terminate the Rincon franchises was not fully litigated in the Colorado bankruptcy proceeding. Specifically, Rincon contends it should not be barred from raising two affirmative defenses and a counterclaim that were not raised in the bankruptcy court.
 
 
 3
 Before a final judgment was entered in this case, Rincon filed for bankruptcy in the District of Arizona. Although no ruling was ever made on McDonald's motion to lift the automatic stay, the district court (Judge Roll) entered final judgment in this case on July 24, 1992. Rincon then timely appealed. At oral argument, the parties agreed that the stay was implicitly lifted by the entry of final judgment. We deferred submission for 30 days so they could obtain an order to that effect. With the stay now lifted, we have jurisdiction over the district court's final judgment under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 We need not address Rincon's arguments concerning the application of collateral estoppel in the present case because McDonald's right to terminate the Rincon franchises has been fully litigated in yet another proceeding. While the present appeal was still pending, Rincon moved in the Arizona bankruptcy court to assume the two franchises. After withdrawing the reference pursuant to 28 U.S.C. Sec. 157(d), Judge Roll denied Rincon's motion to assume on the ground that the franchises had been validly terminated as of April 30, 1990, before Rincon filed its bankruptcy petition. We affirmed Judge Roll's order in In re Rincon East, Inc., No. 92-16605 (9th Cir. Apr. 15, 1994), and ordered the parties to submit letter briefs addressing the res judicata effect of that decision on the present case.
 
 
 5
 "Claim preclusion 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.' " Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)). "Before the doctrine may apply, there must be (1) a valid, final judgment, (2) rendered on the merits, (3) a subsequent action involving the same parties or those in privity with them, (4) that is based on the same cause of action or claim." Hooker v. Klein, 573 F.2d 1360, 1367 (9th Cir.), cert. denied, 439 U.S. 932 (1978). To determine whether successive lawsuits involve the same cause of action, this circuit considers the following criteria:
 
 
 6
 "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."
 
 
 7
 Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.) (quoting Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.1980) (per curiam)), cert. denied, 459 U.S. 1087 (1982). Of these criteria, the last is the most important. Id. at 1202.
 
 
 8
 In the present case, all of the requirements for claim preclusion have been met. Judge Roll's order is a final judgment on the merits. The parties in both cases are the same. Finally, it is clear that the same cause of action is involved. Both suits involve the same transactional nucleus of facts--namely, the Kruegers' involvement in competing restaurants. Moreover, McDonald's right to terminate the franchises, which was established by Judge Roll's order, would be impaired if Rincon were permitted to relitigate the issue in the present action.
 
 
 9
 Rincon argues that claim preclusion does not apply here because its defense that McDonald's breached its duty of good faith and fair dealing was not raised before Judge Roll. It cites Robi for the proposition that res judicata only applies to issues that were actually litigated. Rincon misreads Robi, which merely states that for issue preclusion to apply, the issue must have been actually litigated. 838 F.2d at 322. Our decision rests instead on claim preclusion, which applies to all defenses that were previously available to Rincon, "regardless of whether they were asserted or determined in the prior proceeding." Id. (quotation marks omitted). We therefore hold that claim preclusion bars Rincon from relitigating McDonald's right to terminate the franchises.
 
 
 10
 AFFIRMED.