**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEANNA SMITH, individual and as the mother of CR, a minor,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>STATE OF ARIZONA, et al.,<br><br>            Defendants - Appellees. | No. 14-15390<br><br>D.C. No. 2:13-cv-00332-SRB<br><br><br>MEMORANDUM[*] |
| LEANNA SMITH, individual and as the mother of CR, a minor,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br><br><br>KATHRYN COFFMAN, M.D., et al.,<br><br>            Defendants - Appellants.<br><br>And | No. 14-15473<br><br>D.C. No. 2:13-cv-00332-SRB |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

STATE OF ARIZONA  et al.,

Defendants.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[**] District Judge.

Leanna Smith appeals from the district court's order granting Defendant-Appellees' motion to dismiss on claim preclusion grounds.  Consolidated with that appeal is an appeal of the district court's order denying fees requested by Defendant-Appellants Kathryn Coffman and St. Joseph's Hospital and Medical Center.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.  "This court reviews *de novo* a district court's dismissal based on res judicata."  *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *UPS, Inc. v. Cal. Pub. Util. Comm'n*, 77 F.3d 1178, 1182 (9th Cir. 1996)).  "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the

[**]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

2

prior action. In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." *Id.* (internal citations omitted). The district court accorded preclusive effect to two prior actions, *Smith v. Barrow Neurological Institute*, No. CV 10-01632-PHX-FJM, 2012 WL 4359057 (D. Ariz. Sept. 21, 2012) ("*Smith I*") and *Smith v. Arizona*, No. 2:12-cv-00905-ROS ("*Smith II*"), and dismissed all the claims in this action ("*Smith III*").

2. As to *Smith II*, most of the defendants in that action were dropped by the amendment of the complaint, which carries no preclusive effect. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). And although the district court granted summary judgment on the merits to the remaining defendants in *Smith II*, it subsequently issued an order dismissing the action without prejudice, which likewise lacks res judicata effect. *See* Fed. R. Civ. P. 41(a); *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989).

3. As to *Smith I,* a final judgment on the merits resolved that case in favor of defendants.[1] And Smith is in privity because she was the plaintiff in *Smith I* and is the party against whom claim preclusion is being asserted here. *See California v.*

---

[1] We affirmed the district court's order granting summary judgment in *Smith I* in *Smith v. Banner Health Systems*, – F. App'x –, 2015 WL 3758031 (9th Cir. June 17, 2015).

*IntelliGender, LLC*, 771 F.3d 1169, 1176–77 (9th Cir. 2014). Therefore, res judicata will apply to the extent there is an identity of claims between *Smith I* and *Smith III*.

To determine whether an identity of claims exists, this court applies a four-part test, examining

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). Whether the two suits arise out of the same transactional nucleus of facts is "the most important" criteria. *Id.*

Here, *Smith I* and *Smith III* arise out of the same transactional nucleus of facts—the taking into custody of CR by the State of Arizona and the subsequent treatment provided to CR while in state custody. And both cases involve the alleged infringement of Smith's parental rights. These factors weigh heavily in favor of finding an identity of claims. The other two *Costantini* factors also weigh

4

in favor of such a finding.[2] The operative complaint in *Smith I* was filed on December 23, 2010. We hold that any claim that was or could have been raised in that complaint is barred by res judicata, and that all of the claims in this action could have been raised in the December 2010 *Smith I* complaint except the claim for malicious prosecution.

4. Smith's malicious prosecution claim could not have been brought until CR's dependency proceeding was concluded in January 2012. *See Giles v. Hill Lewis Marce*, 988 P.2d 143, 147 (Ariz. Ct. App. 1999) ("In an action for malicious prosecution, the plaintiff must show the defendant instituted a civil action which was motivated by malice, begun without probable cause, terminated in favor of the plaintiff, and damaged the plaintiff."). However, we need not remand on that claim because "[i]f support exists in the record, a dismissal may be affirmed on any proper ground." *Sinibaldi v. Redbox Automated Retail, LLC*, 754 F.3d 703, 706 (9th Cir. 2014). The district court in *Smith I* found that "[i]n light of the reports from CR's doctors and established law under A.R.S. § 8-821(B), a reasonable CPS investigator would have probable cause of believe that taking CR into temporary protective custody was lawful at the time." We hold that the district court's

---

[2] The rights or interests of the *Smith I* defendants could be impaired in this action through renewed exposure to liability stemming from the same acts. And the relevant evidence in the two actions is substantially the same.

finding that CPS had probable cause to initiate proceedings related to CR is properly accorded collateral estoppel effect and forecloses Smith's malicious prosecution claim. *See B. & B. Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–03 (2015).

5. "We review a district court's decision to grant attorneys' fees pursuant to 42 U.S.C. § 1988 for an abuse of discretion." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (citation omitted). We hold that the district court did not abuse its discretion in determining that Smith's pursuit of this action was not "unreasonable, frivolous, meritless or vexatious" and declining to award fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

**AFFIRMED.**