**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER CARREA, Jr., | No. 11-56287 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01148-CAS-MAN |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

California state prisoner Christopher Carrea, Jr., appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations in connection with his medical care and placement in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative segregation following a race riot. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006). We review de novo a dismissal for failure to exhaust administrative remedies, and for clear error the district court's underlying factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed defendants Schwarzenegger, Tilton, and Woodford because Carrea failed to allege facts demonstrating that these defendants were personally involved in any constitutional violation or that there was a causal connection between their conduct and any alleged violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

Dismissal of Carrea's due process claim against defendant Warden Polous was proper on a different ground stated by the district court. Carrea failed to exhaust his administrative remedies or show that such remedies were effectively unavailable. *See Brown v. Valoff*, 422 F.3d 926, 940-42 (9th Cir. 2005) (an inmate must fully exhaust administrative remedies when any remedy remains available to

him, even if he has been afforded some measure of administrative relief); *cf. Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so). Because the proper remedy for non-exhaustion is dismissal without prejudice, we vacate the judgment and remand for entry of dismissal without prejudice as to this claim only. *See Wyatt*, 315 F.3d at 1120.

We reject Carrea's contentions concerning judicial bias and the district court's alleged failure to grant additional leave to amend, consider the factual allegations in his complaint, and consider judicially noticeable materials.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Carrea's motions concerning his substitute reply brief are granted. The clerk shall file the reply brief received on July 15, 2013.

All other pending motions are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**

11-56287