# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL DENTON, | No. 57792-5-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; TIM THRASHER; DR. KARIE RAINER; LINDSEY MCINTYRE; KEITH GOODENOUGH; JAMIE DAVIS; OFFICER RICHARD SCHOLL; LT. SHELDON MOORE; LT. WILLIAM FLETCHER; LT. DANIEL BAYER; ROBERT HERZOG; DAVID MCKINNEY; and SCOTT RUSSELL, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — Michael Denton previously filed a federal suit against several individuals working at the Department of Corrections (DOC), alleging violations of his constitutional rights under 42 U.S.C. § 1983. The federal court dismissed all but one of Denton's claims on summary judgment. The singular surviving claim was later dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997(e). Before this dismissal, Denton filed the instant action against the State of Washington and the same DOC employees, alleging various state law tort claims.

Defendants in the state action moved for summary judgment, arguing the suit was barred by res judicata. At the same time, Denton moved to amend his complaint. The superior court denied Denton's motion for leave to amend and granted the Defendants' motion for summary judgment, ruling that the action was barred by res judicata.

Denton appeals, arguing that because his federal case was dismissed for failure to exhaust and was dismissed without prejudice, the dismissal was not a final judgment on the merits for res judicata purposes. Denton also argues that because the Eleventh Amendment to the United States Constitution would have prevented him from filing his claims against the State of Washington and DOC in federal court, the superior court erred in dismissing those state claims on res judicata. Finally, Denton argues that the superior court abused its discretion in denying his motion for leave to amend.

We hold that (1) the federal court's dismissal for failure to exhaust was not a final judgment on the merits to warrant application of res judicata, and therefore granting summary judgment in the Defendants' favor on that basis was in error; and (2) the remaining state claims that were dismissed on summary judgment are not barred by res judicata because they do not share an identity in cause of action with the federal claims dismissed by the federal court. Accordingly, we reverse the summary judgment order dismissing Denton's claims based on res judicata and, because the trial court denied the motion to amend the complaint based on its res judicata ruling, we remand for the trial court to consider anew the motion to amend the complaint.

FACTS

I.    BACKGROUND

Denton is currently incarcerated by the State of Washington.  In his original and amended complaints in a federal court action, Denton claimed his previous jailors at the Washington State Correctional Facility in Walla Walla violated his constitutional rights on several occasions.  The claim surviving the federal court dismissal that we review here relates to a grievance Denton filed on January 1, 2018, asserting that on December 31, 2017, prison officials failed to appropriately respond to him self-harming while he was on suicide watch.[1]  After that incident, while strapped to a restraint bed, Denton asked the corrections officer who was observing him at the time to transcribe three separate grievances for him.  The officer transcribed one grievance for Denton, which Denton indicated was to be filed as an emergency grievance.[2]

---

[1] The parties are in dispute over the facts of the incident.  However, the factual details need not be resolved in order to determine the issues in this case.

[2] In an order by the federal court that concluded Denton had not exhausted his administrative remedies, the district court judge explained the process as follows:

> When an inmate files an emergency grievance, the grievance coordinator or designee is supposed to immediately determine whether the complaint meets the criteria of an emergency.  If the complaint is deemed non-emergent, the coordinator or designee must respond to the inmate, in writing, within one hour to inform him that the grievance is being considered non-emergent.  The non-emergent complaint then proceeds through the normal grievance process.  While a medical complaint response must list the name of the staff member and if possible, his/her signature, date, and time of the resolution, the same is not required for responses to complaints deemed non-emergent.  Prison officials have five working days to respond to a non-emergent complaint.

*Denton v. Thrasher*, No. 3:18-cv-05017-BHS, 2022 WL 1095030, at *1 (W.D. Wash. Mar. 18, 2022) (court order) (internal citations omitted) (internal quotation marks omitted), *aff'd*, No. 22-35290, 2023 WL 2707384 (9th Cir. Mar. 30, 2023) (court order).

Denton claims he did not receive timely notice regarding his January 1, 2018 grievance. Prison officials claim they timely explained to Denton that his grievance was being considered non-emergent, which follows a different timeline from emergency grievances.

II.     PROCEDURAL HISTORY

A.      Federal Lawsuit

In 2018, Denton filed a pro se action in the United States District Court of the Western District of Washington against several DOC individuals under 42 U.S.C. § 1983, alleging that his jailors failed to provide him adequate medical and mental health treatment, deprived him of access to magazines, retaliated against him for filing grievances, housed him in observation cells that lacked toilets and running water, failed to prevent him from self-harming, and punished him for his mental health.[3]   The claims for relief were made under "42 U.S.C. § 1983—Deliberate Indifference," "First Amendment Violation Section 1983 liability," and "42 U.S.C. § 1983— Eighth Amendment—Cruel and Unusual Punishment—Failure to Protect."   Clerk's Papers (CP) at 584, 586, 587.  The individual defendants named in the complaint were: Tim Thrasher, Dr. Karie Rainer, Lindsey McIntyre, Keith Goodenough, Jamie Davis, Officer Richard Scholl, Lieutenant Sheldon Moore, Lieutenant William Fletcher, Lieutenant Daniel Bayer, David McKinney, Scott Russell, Lieutenant Officer O'Reilly.[4]

Denton and all Defendants moved for summary judgment.  A United States Magistrate Judge issued a Report and Recommendation (R&R) recommending that the court deny Denton's motion and grant Defendants' motion.  The court adopted the R&R in part, dismissing most of

---

[3] Denton ultimately retained counsel and then amended the complaint to add an Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) claim against the State.

[4] Robert Herzog was also named as a defendant, but Denton did not make any allegations against him and the court declined to consider any claims against him.

Denton's claims on summary judgment, including the claims against the State, DOC, Scott Russell, Rob Herzog, Keith Goodenough, David McKinney, Tim Thrasher, Lindsey McIntyre, Dr. Karie Rainer, and Jamie Davis. *Denton v. Thrasher*, No. C18-5017-BHS, 2020 WL 5512169 (W.D. Wash. Sept. 14, 2020) (court order). However, the court disagreed with the R&R on the issue of exhaustion as it related to the events of December 31, 2017, finding that Denton had established a question of fact as to whether any administrative process was available to him, and requested additional briefing on whether Denton could have appealed the allegedly unreturned grievance. *Denton*, 2020 WL 5512169. The surviving claims were against defendants Fletcher, Moore, Bayer, and Scholl. *Denton*, 2020 WL 5512169.

The court held an evidentiary hearing on the exhaustion issue and concluded that Denton failed to exhaust the administrative remedies available to him for the December 31, 2017 grievance. *Denton v. Thrasher*, No. 3:18-cv-05017-BHS, 2022 WL 1095030 (W.D. Wash. Mar. 18, 2022) (court order). Denton appealed and the Ninth Circuit affirmed, holding that Denton did not complete all the required steps of the grievance process, rendering the grievance unexhausted. *Denton v. Thrasher*, No. 22-35290, 2023 WL 2707384, at *2 (9th Cir. Mar. 30, 2023) (court order).

B.      State Lawsuit

On February 21, 2020, before the federal case was decided, Denton filed a state court action, alleging tort claims against the State of Washington, DOC, and several employees: Tim Thrasher; Dr. Karie Rainer; Lindsey McIntyre; Keith Goodenough; Jamie Davis; Officer Richard Scholl; Lieutenant Sheldon Moore; Lieutenant William Fletcher; Lieutenant Daniel Bayer, Robert Herzog; David McKinney; and Scott Russell.[5] The causes of action alleged in the complaint were for intentional infliction of emotional distress, negligent infliction of emotional distress, false

---

[5] The exact same defendants listed in the State lawsuit were also named in the federal lawsuit.

imprisonment, battery, and negligent supervision and training of DOC staff. The State and the individual defendants answered with defenses of collateral estoppel and res judicata.

In 2022, all of the Defendants filed a motion for summary judgment, arguing that the state court lawsuit was barred by collateral estoppel and res judicata. Denton filed a motion in opposition, primarily arguing that there was no final judgment on the merits in the federal case to warrant the application of res judicata. Denton included language from the district court's order on a motion he filed to retax costs, for the purpose of illustrating that the district court did not intend for this to be a final judgment on the merits, and the dismissal was without prejudice:

> Although the Court ultimately agreed that Denton failed to administratively exhaust his claims, and it acknowledges that his claims faced other procedural hurdles, he did present incontrovertible evidence that corrections officers allowed him to repeatedly self-harm. *See, e.g.*, Dkt. 120-6 at 167– 68 (log notes stating that "Shift Sgt. Bayer wants no staff interaction with Offender Denton . . . until self-harm results in copious amounts of blood or active bleeding.") (cleaned up); *id.* at 159–61 (log notes documenting that Denton was permitted to continuously cut himself and hit his head against the door for nearly three hours). While the Court does not reach any conclusions about whether these instances or any other instances amounted to constitutional violations, the facts of this case are concerning and are certainly not frivolous.

CP at 931.

The superior court issued an order granting partial summary judgment to Defendants. The court reasoned that it was proper to dismiss the claims that were substantively addressed by the federal court:

> 5. The subject matter in both actions is the alleged deprivation of constitutional rights and denial of due process. Specifically, the claims for relief in this case are:
> a. Intentional Infliction of Emotional Distress, specifically housing Plaintiff in solitary confinement for years at a time with no method of release. This claim was addressed in the Personal Restraint Petition and by the Federal District Court.
> b. Negligent Infliction of Emotional Distress is also a claim that was addressed by the Federal District Court.
> c. False Imprisonment was addressed by the Federal District Court.
> d. Battery allegations regarding allowing a confined inmate to self-harm was addressed by the Federal District Court.

e. Negligent Supervision and Training against the State of Washington was addressed by the Federal District Court.

CP at 965. The order stipulated that claims against DOC, Herzog, Russell, Rainer, Goodenough, Davis, Bayer, and Moore, were all dismissed on the merits and therefore barred by res judicata.[6]

Defendants subsequently filed a motion for reconsideration and/or clarification of the summary judgment ruling, asserting that the order did not explicitly address claims against all Defendants and did not address whether all of Denton's claims were barred by res judicata. Defendants specifically wanted to know if any part of their motion was denied. Denton also moved to amend the complaint to clarify that he was alleging institutional negligence as an alternate theory.

The superior court granted Defendants' motion for reconsideration and/or clarification. In its order on that motion, the court elaborated that all of Denton's claims[7] were dismissed with prejudice based on res judicata. The superior court also denied Denton's leave to amend, citing undue delay.

Denton filed this appeal from the dismissal of his claims.

---

[6] At the hearing for the motion on summary judgment, McKinney and Goodenough had not yet been served. The order granting partial summary judgment required that the Denton should serve McKinney and Goodenough with the summons and complaint within 30 days of the date of the order. Ultimately, because these two defendants were never served and "all of [Denton's] claims [were] barred by the doctrine of res judicata" in the superior court's order on summary judgment, the claims against McKinney and Goodenough were dismissed. CP at 1027.

[7] Except for those against McKinney and Goodenough, which were dismissed after the court issued its order on the motion for reconsideration and/or clarification.

ANALYSIS

I.      Standard of Review

We review an order of summary judgment de novo, engaging in the same inquiry as the superior court. *Osborn v. Mason County*, 157 Wn.2d 18, 22, 134 P.3d 197 (2006); *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). An order of summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marincovich*, 114 Wn.2d at 274; *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). The court must consider the facts in the light most favorable to the nonmoving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Marincovich*, 114 Wn.2d at 274; *Mihaila*, 21 Wn. App. 2d at 231.

II.     Res Judicata

A.      Legal Principles

Whether res judicata bars an action is a question of law we review de novo. *Ensley v. Pitcher*, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). "'Filing two separate lawsuits based on the same event . . . is precluded'" under Washington law. *Id*. at 898-99 (quoting *Landry v. Luscher*, 95 Wn. App. 779, 780, 976 P.2d 1274 (1999)). Res judicata is a doctrine of claim preclusion that bars relitigation of a claim that has been determined by a final judgment. *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 40-41, 330 P.3d 159 (2014). "Res judicata applies to matters that were actually litigated and those that 'could have been raised, and in the exercise of reasonable diligence should

have been raised, in the prior proceeding.'" *DeYoung v. Cenex Ltd.*, 100 Wn. App. 885, 891-92, 1 P.3d 587 (2000) (quoting *Kelly–Hansen v. Kelly–Hansen*, 87 Wn. App. 320, 328-29, 941 P.2d 1108 (1997)). Res judicata is intended to prevent piecemeal litigation and to ensure the finality of judgments. *Spokane Rsch. & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005).

The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit. *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016). Additionally, our Supreme Court has enumerated that for res judicata to apply, there must be a concurrence of identity in these four requirements: (1) subject matter, (2) cause of action, (3) persons or parties, and (4) quality of the persons for or against whom the claim is made. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). Where there has been a final judgment on the merits and a concurrence of identity in those four requirements, res judicata applies and bars the subsequent action. *DeYoung*, 100 Wn. App. at 891.

B.     The Dismissal for Failure to Exhaust was Not a Final Judgment on the Merits Warranting Application of Res Judicata

The parties first dispute whether there was a final judgment on the merits. Denton argues that because his federal claims were dismissed for failure to exhaust, the dismissal was without prejudice, and was therefore not a final judgment on the merits. On the other hand, Defendants argue that the dismissal on exhaustion in the federal case is sufficiently final and on the merits for purposes of res judicata because Denton could not have cured his failure to exhaust. Because we are analyzing whether a federal court issued a final judgment on the merits, we first ask whether federal courts would have considered the dismissal of Denton's case a final judgment on the merits.

If there is an exhaustion issue in a PLRA case, exhaustion should be resolved before reaching the merits of the case. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Failure to exhaust is an affirmative defense that the defendant in a PLRA case must plead and prove. *Id.* at 1171. The defendant must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. "[T]he ultimate burden of proof remains with the defendant." *Id.*

In general, the federal rule is that dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits. *See id.* at 1171-72. Furthermore, a dismissal for failure to exhaust is a dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), *overruled on other grounds by Albino*, 747 F.3d 1162; *Carea v. California*, 551 F. App'x 368, 369 (9th Cir. 2014) (court order) (remanding for the entry of dismissal without prejudice because the proper remedy for non-exhaustion is dismissal without prejudice); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) ("[r]equiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them." (Emphasis in original.)). Dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

Here, Defendants brought a motion for summary judgment on the federal claims, asserting in part that Denton failed to exhaust the available administrative remedies as to his December 31, 2017 grievance. The summary judgment motion was granted as to all issues except the exhaustion

issue, and the district court held an evidentiary hearing to decide whether Denton had exhausted his administrative remedies. *Denton*, 2020 WL 5512169. After the evidentiary hearing, the court concluded that Denton failed to exhaust his administrative remedies, and dismissed the claims relating to that grievance. *Denton*, 2022 WL 1095030. Those claims were against Fletcher, Moore, Bayer, and Scholl. *See id*.

Because, consistent with the principle in *Albino*, the district court dismissal was based entirely on exhaustion, it is not considered "on the merits" and therefore did not have a res judicata effect. Also, as discussed above, the PLRA requirements must be met before the court can even reach the merits of a claim; one cannot bring a lawsuit without first exhausting administrative remedies. *Albino*, 747 F.3d at 1170. Because exhaustion is a prerequisite to a PLRA claim, dismissal on the basis that Denton failed to exhaust his administrative remedies necessarily means that the court was prevented from reaching the merits of that claim.

Further, in an order denying the Defendants' costs in the federal lawsuit, the district court indicated in a footnote that it had not reached the merits of the claims relating to December 31, 2017: "While the Court *does not reach any conclusions* about whether these instances or any other instances amounted to constitutional violations, the facts of this case are concerning and are certainly not frivolous." CP at 863 (emphasis added). This order was entered by the same district court judge after the dismissal based on exhaustion. *See Denton*, 2022 WL 1095030.

Defendants contend that the prior federal lawsuit should preclude the current claims because the prior federal lawsuit precluded some claims in a third federal lawsuit. *See Denton v. Rainer*, No. C19-5743 BHS-TLF, 2022 WL 4482650, at *4 (W.D. Wash. Sept. 27, 2022) (court order). Defendants' cite to an order addressing Denton's request to amend his complaint in another federal lawsuit. *See id*. However, this is an oversimplification of the res judicata discussion in

that order.  The court in that opinion also explained that it "has never ruled, in this case or in any of Denton's other cases, on whether Defendants' [claims are] a constitutional violation.  All of the claims in *Thrasher* were dismissed for other reasons; his final claims were dismissed because he failed to exhaust his administrative remedies."[8]  *Id*.  The district court recognized that there was no ruling on constitutional violations, and thereby no judgment on the merits.  The *Rainer* opinion further supports the notion that there has not been an adjudication on the merits in the instant matter.  *Denton*, 2022 WL 4482650, at *4.

Defendants somewhat confusingly argue that under these facts, res judicata precludes litigation of the claims previously dismissed for failure to exhaust because Denton could have litigated his federal claims if he had properly exhausted his administrative remedies.  But aside from this solitary assertion, Defendants provide no authority or analysis as to how this principle precludes litigation of the current claims under the doctrine of res judicata.  Because Defendants do not provide further argument or authority on this point, we do not reach it.  *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Defendants separately argue that the practical effect of the dismissal for failure to exhaust in this circumstance is that of a final judgment.  This is so, they argue, because Denton's failure to exhaust is incurable at this point, as the time for him to pursue those administrative remedies has expired.  Moreover, because the PLRA exhaustion requirement is a precondition to suit, Defendants reason that under the facts of this case where Denton cannot satisfy that precondition and cure his failure to exhaust, the prior dismissal bars his claim.

---

[8] The reference to *Thrasher* in that case refers to the federal case being discussed in the case at bar. *See Denton*, 2022 WL 1095030.

We disagree with the Defendants. Whether or not Denton can cure his failure to exhaust if he refiles his grievance is not determinative of whether we should afford preclusive effect to the prior dismissal. Denton's inability to cure has no bearing on whether the judgment is final for finality's sake. The point remains that the district court did not reach the merits of Denton's claim. "[T]o determine the res judicata effect of a prior claim requires examination of 'what was intended by the first decision and what the logical consequences of that decision are.'" *Marino v. Marino*, 181 F.3d 1142, 1145 (9th Cir. 1999) (internal quotation marks omitted) (quoting *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 398 (2nd Cir. 1997)). The prior order issued by the district court, where it specifically states that it reaches no conclusions on civil rights violations under 42 U.S.C. § 1983, demonstrate that it had not reached the merits of the claims before it. *See, e.g.*, CP at 863 ("[w]hile the Court does not reach any conclusions about whether these instances or any other instances amounted to constitutional violations, the facts of this case are concerning and are certainly not frivolous."); *Denton*, 2022 WL 4482650, at *4 (explaining that the court "has never ruled, in this case or in any of Denton's other cases, on whether Defendants' [claims are] a constitutional violation. All of the claims in *Thrasher* were dismissed for other reasons; his final claims were dismissed because he failed to exhaust his administrative remedies."). Clearly, the question as to whether Denton has remaining administrative avenues has nothing to do with whether the district court's judgment was a final judgment for res judicata purposes.

Preclusion principles developed under res judicata are designed to prevent repetitive litigation of the same matters. *See Storti*, 181 Wn.2d at 40-41; *DeYoung*, 100 Wn. App. at 891-92; *Spokane Rsch. & Def. Fund*, 155 Wn.2d at 99. Therefore, it follows that if the issues were never litigated, there can be no preclusive effect. In searching the record, it is apparent that Denton has not litigated the merits of his claim relating to December 31, 2017. We conclude that dismissal

of an action for failure to exhaust administrative remedies is not on the merits, and in turn, we agree with Denton that the threshold requirement for a res judicata finding, a final judgment on the merits, has not been satisfied for the claims against Fletcher, Bayer, Moore, and Scholl relating to the December 31, 2017 incident. These claims survive any application of the res judicata doctrine.

> C.    The Remaining Claims are Not Barred by Res Judicata

We next address claims that were dismissed with a final judgment on the merits, claims against the State, DOC, Russell, Herzog, Goodenough, McKinney, Thrasher, McIntyre, Rainer, and Davis.

Denton's state lawsuit raises claims against the same Defendants in the federal lawsuit. For the claims that were not dismissed for failure to exhaust, but instead were dismissed by a final judgment on the merits—against the State, DOC, Russell, Herzog, Goodenough, McKinney, Thrasher, McIntyre, Rainer, and Davis—the inquiry advances to whether the elements of res judicata are met. Those requirements are a final judgment on the merits in a prior suit, and concurrence of identity in: (1) subject matter, (2) cause of action, (3) persons or parties, and (4) quality of the persons for or against whom the claim is made. *Williams*, 171 Wn.2d at 730. We hold that the second element, identity in cause of action, is not met here, and therefore the claims dismissed by the federal court on summary judgment are not barred by res judicata.

> 1.    Final Judgment in a Prior Suit

Here, the threshold requirement that there be a final judgment on the merits in a prior suit is met. The federal court dismissed these claims on summary judgment, which is considered a final judgment on the merits for purposes of res judicata. *DeYoung*, 100 Wn. App. at 892.

Therefore, there is a final judgment on the merits and we consider the remaining res judicata requirements.

### 2. Identity in Subject Matter

Next, the two actions must involve the same subject matter. Claims that are stated differently may still involve the same subject matter. *Kuhlman v. Thomas*, 78 Wn. App. 115, 124, 897 P.2d 365 (1995). The federal action sought damages from several DOC employees for alleged constitutional rights violations under 42 U.S.C. § 1983 when Denton was retaliated against, his incoming mail was rejected, he was denied adequate medical care related to his mental health illness, and he was deprived of sanitation items and access to a toilet while housed in observation cells. Denton also alleged his rights were violated pursuant to Title II of the ADA and the RA based on his mental illness. The state action sought damages from the same DOC employees, the State of Washington, and DOC, alleging several tort actions for their "failure to protect [Denton] from physical and psychological harm." CP at 2. Both actions involve impropriety in the same setting under the same set of circumstances: improper action, by the same individuals, in a prison setting, against Denton, specifically regarding his mental health illness. *See Emeson*, 194 Wn. App. at 628. While the claims are stated differently, both suits nevertheless involve the same subject matter, and this element of res judicata is met. *Kuhlman*, 78 Wn. App. at 124.

### 3. Identity in the Causes of Action

The next res judicata element requires identity in cause of action. While there is no specific test for determining such identity, the following factors should be considered:

> "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*DeYoung*, 100 Wn. App. at 892 (quoting *Kuhlman*, 78 Wn. App. at 122). The last of these factors is the most important. *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980). Our courts have previously emphasized that the identity in causes of action "'cannot be determined precisely by mechanistic application of a simple test.'" *Rains v. State*, 100 Wn.2d 660, 663-64, 674 P.2d 165 (1983) (quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 206 (9th Cir. 1979)). Therefore, these factors are considerations, and it is not necessary that all four factors be present to bar the claim. *Kuhlman,* 78 Wn. App. at 122. Regarding this third factor, identity in cause of action, we consider separately the four *DeYoung* factors.

### i. *DeYoung* Factors Two and Four are Satisfied.

Here, two out of the four *DeYoung* factors are satisfied. The second and fourth factors are easily met. The two suits arise out of the same transactional nucleus of facts: the facts alleged in both claims are nearly identical. Denton has not set forth facts in the state action that differ from the federal action. *See Kuhlman*, 78 Wn. App. at 123. Second, for the same reasons, the evidence needed to support each action is identical. *See Kuhlman*, 78 Wn. App. at 122. That the second and fourth *DeYoung* factors are met militates toward concluding there's identity in cause of action, especially because sharing a transactional nucleus of fact is considered the most important factor. *Jacobs*, 621 F.2d at 343.

### ii. *DeYoung* Factor One.

However, the first and third factor are not satisfied in this case. Under the first factor, the court considers whether the rights and interests here established by the federal judgment would be impaired by the state court suit if it were allowed to proceed. *Emeson*, 194 Wn. App. at 629. All of Denton's claims in the federal judgment were constitutional claims regarding various conditions of his confinement and specific instances of mistreatment brought under 42 U.S.C. § 1983. *See*

16

CP 577-92 ("42 U.S.C. § 1983—Deliberate Indifference," "First Amendment Violation Section 1983 liability", and "42 U.S.C. § 1983—Eighth Amendment—Cruel and Unusual Punishment—Failure to Protect"). Other than the claims relating to the exhaustion issue, these claims were dismissed on summary judgment for failure to establish personal participation by any named defendants. *Denton*, 2022 WL 1095030.

A judgment on Denton's state law claims would not impair the rights and interests established in the federal judgment if it were allowed to proceed. The judgment in the federal suit only determined that Denton had not established personal participation by any named defendants, and that his claims against them were too general. A judgment to the contrary on Denton's state tort claims would not impair the rights established in the federal case, because that dismissal did not establish rights or interests. *See Kuhlman*, 78 Wn. App. at 123. It merely determined that it was improper to sue the DOC and that the claims against the named defendants were too general. Read carefully, the order did not rule on specific claims brought against the named defendants because no such claims were made. Therefore, a judgment on Denton's state law claims would not impair rights or interests established in the federal judgment.

iii.     *DeYoung* Factor Three

The third factor is also not satisfied in this case. This factor asks whether the suits involved infringement of the same right. Denton's claims in federal court were all constitutional, regarding various conditions of his confinement and specific instances of mistreatment under 42 U.S.C. § 1983. The state claims allege various state law torts.

Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care as in our state tort law. Civil rights statutes providing liability for deprivation of rights under color of law protect rights afforded by the constitution, whereas tort

17

liability arises from violations of duties of care. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). Remedy for the latter type of injury must be sought in state court under traditional tort law principles. *Id*. That these torts are alleged against state officials does not establish that they sufficiently pass the threshold to maintain an action under § 1983.

In highlighting the nature of this difference, the United States Supreme Court in *Baker* wrote: "Just as '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner,' . . . false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id*. (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Here, Denton's state tort claims do not automatically imply that his constitutional rights have been violated just because he was a prisoner and the defendants were state officials. As such, the suits do not involve infringement of the same right and the third factor is not satisfied.

Because the *DeYoung* factors are not met, we conclude that there is not identity of cause of action among the prior federal claims and the current state claims.

4.      Identity of Persons and Parties

Res judicata requires that both causes of action have identity in persons and parties. *Pederson v. Potter*, 103 Wn. App. 62, 72, 11 P.3d 833 (2000). Here, the federal case and the state case had the same named plaintiff and the same named defendants. Because the plaintiff and the defendants in the federal court case are identical to those in the state court action, there is identity in persons and parties. *Id*.

5.      Identity in Quality of Persons For or Against Whom the Claim is Made

Finally, the last element requires identity in the quality of persons for or against whom the claim is made. This is simply a determination of which parties in the second suit are bound by the

18

judgment in the first suit. *Ensley*, 152 Wn. App. at 905. Because the parties are identical, the quality of the persons is also identical. *See Rains*, 100 Wn.2d at 664*; see, e.g.*, *DeYoung*, 100 Wn. App. at 893 ("Finally, the third and fourth factors—identity of the parties and persons against whom the claims are made—are satisfied because the parties and persons in this appeal are identical."); *Pederson*, 103 Wn. App. at 73 ("Because the parties are identical, the quality of the persons is also identical.").

We find that there is no concurrence of identity in causes of action because only two out of the four factors are met. Accordingly, we hold that res judicata does not bar the claims dismissed on summary judgment in the federal case.[9]

D.      Motion to Amend

Denton argues that the trial court erred in denying his motion to amend his complaint. Because our holding changes the circumstances of this case, on remand the trial court should consider anew the motion to amend the complaint.

## CONCLUSION

The dismissal for failure to exhaust was not a judgment on the merits, and the other claims dismissed on summary judgment do not share an identity in cause of action. We reverse the summary judgment order dismissing Denton's claims based on res judicata and, because the trial court denied the motion to amend the complaint based on its res judicata ruling, we remand for the trial court to consider anew the motion to amend the complaint.

---

[9] Denton also argues that because the Eleventh Amendment would have prevented him from filing his claims against the State of Washington and DOC in federal court, the superior court erred in dismissing those claims on res judicata. Because we hold that Denton's claims are not barred by res judicata, we do not reach this issue.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Lee, J.